AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 20 2005

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

# United States District Court

## Eastern District of Washington

UNITED STATES OF AMERICA
v.
Michael David Booth

****FOURTH
AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 2: 99CR00018-001

****JM Irigoyen
Defendant's Attorney

[X] *Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)
[X] ***Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))

**THE DEFENDANT:**

[ ] pleaded guilty to count(s): _____
[ ] pleaded nolo contendere to counts(s) _____ which was accepted by the court.
[X] was found guilty on count(s) 2sss-8sss,10sss,11sss,21sss-74sss,84sss-105sss after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 01/22/99 | 2sss-8sss |
|  |  |  | 10sss,11sss |
| 18 U.S.C. § 1956 | Money Laundering | 01/22/99 | 21sss-74sss |
|  |  |  | 84sss-105sss |

[ ] See continuation page

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[X] The defendant has been found not guilty on counts(s) 1sss,9sss,12sss-20sss,75sss-78sss,80sss-83sss,106sss and is discharged as to such count(s).

[X] Count(s) Original Indictment & Remaining Superseding Indictment are dismissed on the motion of the United States.

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

02/02/01
Date of Imposition of Judgment

/s/ Edward F. Shea
Signature of Judicial Officer

The Honorable Edward F. Shea
Judge, U.S. District Court
Name & Title of Judicial Officer

4/20/05
Date

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

CASE NUMBER: 2:99CR00018-001               Judgment - Page 2 of 6
DEFENDANT: Michael David Booth

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

***Counts 21sss through 74sss and 84sss through 105sss - defendant shall serve a term of imprisonment of 162 months on each count concurrent with each other and concurrent with the term of imprisonment imposed in Counts 2sss through 8sss and 10sss and 11sss. Counts 2sss through 8sss and 10sss and 11sss - defendant shall serve a term of imprisonment of 60 months on each count concurrent with each other and concurrent with the term of imprisonment imposed in Counts 21sss through 74sss and 84sss through 105sss.

[x] The court makes the following recommendations to the Bureau of Prisons:

Defendant shall participate in the Inmate Financial Responsibility Program.
***Court recommends placement of defendant in the BOP Facility that defendant is currently housed in.

[x] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
    [ ] at _____ on _____
    [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before _____ on _____
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                         UNITED STATES MARSHAL

                                 By _____
                                                         Deputy U.S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   3   year(s)

[x] See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x] The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) the defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
15) the defendant shall notify the probation officer of any material changes in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

Continuation Page - Supervised Release/Probation

CASE NUMBER: 2:99CR00018-001  Judgment - Page 4 of 6
DEFENDANT: Michael David Booth

**Continuation of Conditions of ☒ Supervised Release ☐ Probation**

16. Defendant shall allow the supervising probation officer, upon reasonable request, to inspect and examine any personal computing device or equipment which Defendant owns or operates.
17. Defendant shall not be self-employed, nor shall he be employed by friends, relatives or associates, unless he obtains the advance approval of the probation officer.
18. Defendant shall obtain prior approval before seeking employment in any business considered within the financial industry, including a leasing agent, from the supervising probation officer, who may restrict that employment.
19. Defendant shall provide the supervising probation officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of his Federal income tax returns, and shall provide such access and authorization promptly upon request.
20. Defendant shall, upon request of the supervising probation officer, surrender or make available for review, any and all documents and records of any business or enterprise in which he maintains an interest.
21. Defendant shall disclose all assets and liabilities to the supervising probation officer. Defendant shall not transfer, sell, give away, or otherwise convey or secret any asset, without the advance approval of the supervising probation officer.
22. Defendant shall not incur any new debt, open additional lines of credit, or enter into any financial contracts, without the advance approval of the supervising probation officer.
23. Defendant is prohibited from possessing or having access to any firearm, dangerous weapon, or ammunition, including any explosive device. This prohibition continues even after the period of supervision, unless that right is specifically restored to Defendant according to federal law.
24. Defendant shall cooperate with the probation officer regarding a mental health evaluation. Defendant shall follow any treatment recommendations and complete any programs as directed by the supervising probation officer. To the extent that they include taking prescribed medications, that will be dealt with by the probation officer upon consultation with Defendant and any medical care provider, and will not be automatically ordered based on the mental health provider without Defendant having a physician and input, to the requirement that Defendant take medication. Defendant shall allow reciprocal release of information between the probation officer and treatment provider. Defendant shall contribute to the cost of treatment according to his ability, as determined by the supervising probation officer.
25. Defendant shall submit his person, residence, office, or vehicle to a search, conducted by or at the direction of the supervising probation officer, in a reasonable manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. Defendant shall warn persons with whom he shares residence that the premises may be subject to search.
26. Defendant shall abstain from the use of illegal controlled substances, and shall submit to testing (including urinalysis and patch), as directed by the supervising probation officer, in order to confirm his continued abstinence from these substances.

CASE NUMBER: 2:99CR00018-001 ........................................................... Judgment - Page 5 of 6
DEFENDANT: Michael David Booth

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $8,500.00 | $0.00 | $2,153,582.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived or    ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____. An amended Judgment in a Criminal Case will be entered after such determination.

☒ The interest requirement is waived or    ☐ The interest requirement is modified as follows:

The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| Crawford Forest Products, Inc. | $91,036.00 | $91,036.00 |  |
| Irvine Flexible Packaging | $238,000.00 | $238,000.00 |  |
| Windmoeller & Hoelscher Corp. | $200,000.00 | $200,000.00 |  |
| Avigen, Inc. | $207,584.00 | $207,584.00 |  |
| 21st Centurey Telesis, Inc. | $965,000.00 | $965,000.00 |  |
| Quad Cities Construction, Inc. | $350,613.00 | $350,613.00 |  |
| Advanta Business Services | $101,349.00 | $101,349.00 | See ☐ Continuation Page |
| TOTALS: | $2,153,582.00 | $2,153,582.00 |  |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER: 2:99CR00018-001     Judgment - Page 6 of 6
DEFENDANT: Michael David Booth

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A [X] in full immediately; or

B [ ] _____ immediately, balance due (in accordance with C, D, or E); or

C [ ] not later than _____ ; or

D [ ] in installments to commence ___ days(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E [X] in _monthly_ (e.g. equal, weekly, monthly, quarterly) installments of _$500.00_ over a period of _36_ month(s) to commence _163_ month(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

***Defendant shall make monthly payments of $25.00 a month towards his legal financial obligations while incarcerated. Upon defendant's release from prison defendant shall make payments of $500.00 a month towards his legal financial obligations or such amount as the defendant's probation officer deems appropriate.

| Joint and Several Case Number (including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| CR-99-0019-EFS | LOUIS ROBERT BORIES | $924,514.00 |

[X] See continuation page

[ ] The defendant shall pay the cost of prosecution.

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:
*One tiffany sterling silver bangle bracelet, one heart pendant on chain, one gold ring with diamond, diamond earrings, diamond pendant chain, gold bangle bracelet, as described in Notice of Preliminary Order of Forfeiture filed December 7, 2000, (Ct. Rec. 215; CR-99-0018-EFS).

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States Attorney.